UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC., | ) | Civil Action No.  07 CIV. 4789 (WCC) |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NP JUNIOR, INC., | ) | |
| d/b/a CAFÉ NOVITA BAR | ) | |
| and NICK PERRIELLO | ) | |
| and NICHOLAS PERRIELLO | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS NP JUNIOR, INC., d./b/a CAFÉ NOVITA BAR,
NICK PERRIELLO and NICHOLAS PERRIELLO'S ANSWER TO THE PLAINTIFF'S
COMPLAINT CONTAINING AFFIRMATIVE DEFENSES**

**AND NOW**, Comes Defendants, NP Junior, Inc., d/b/a Café Novita Bar ("NP"), Nick

Perriello and Nicholas Perriello, by and through their undersigned counsel, Richard B. Herman,

LLC by Richard B. Herman, Esquire, and aver as follows as and for their Answer to Plaintiff's

Complaint:

**JURISDICTION AND VENUE**

1.    Denies sufficient knowledge, information and belief to assert the truth with respect to

each and every allegation contained in paragraph "1" of the Complaint.

2.    Denies sufficient knowledge, information and belief to assert the truth with respect to

3.    Admits each and every allegation contained in paragraph "3" of the Complaint.


## PARTIES

4.    Denies sufficient knowledge, information and belief to assert the truth with respect to

each and every allegation contained in paragraph "4" of the Complaint.

5.    Admits each and every allegation contained in paragraph "5" of the Complaint except to

deny that NP Junior, Inc. is currently transacting business as "Café Novita Bar" from its

principal place of business located at 93 Mamaroneck Avenue, White Plains, New York.

6.    Deny each and every allegation contained in paragraph "6" of the Complaint.

7.    Admits each and every allegation contained in paragraph "7" of the Complaint.


## PRELIMINARY BACKROUND

8.    Denies sufficient knowledge, information and belief to assert the truth with respect to

each and every allegation contained in paragraph "8" of the Complaint.

9.    Denies sufficient knowledge, information and belief to assert the truth with respect to

each and every allegation contained in paragraph "9" of the Complaint.

10.    Denies sufficient knowledge, information and belief to assert the truth with respect to

each and every allegation contained in paragraph "10" of the Complaint.

11.    Denies sufficient knowledge, information and belief to assert the truth with respect to

each and every allegation contained in paragraph "11" of the Complaint.

12.    Denies sufficient knowledge, information and belief to assert the truth with respect to

each and every allegation contained in paragraph "12" of the Complaint.

13.   Denies each and every allegation contained in paragraph "13" of the Complaint except to admit Defendants did not, however, contract with Garden City Boxing Club, Inc., to obtain the rights to broadcast the Event.

14.   Denies sufficient knowledge, information and belief to assert the truth with respect to each and every allegation contained in paragraph "14" of the Complaint.

15.   Denies each and every allegation contained in paragraph "15" of the Complaint.

16.   Denies each and every allegation contained in paragraph "16" of the Complaint.

17.   Denies each and every allegation contained in paragraph "17" of the Complaint.

18.   Denies each and every allegation contained in paragraph "18" of the Complaint except to deny sufficient knowledge, information and belief to assert the truth with respect to whether persons would be able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Garden City Boxing Club, Inc.

19.   Denies sufficient knowledge, information and belief to assert the truth with respect to each and every allegation contained in paragraph "15" of the Complaint.

20.   Denies each and every allegation contained in paragraph "20" of the Complaint.


## COUNT 1
## VIOLATION OF 47 U.S.C. § 605

21.   Defendant's hereby repeat, reiterate and reallege each and every response contained in paragraphs 1 through 20 as if more fully set forth herein.


Page -3-

22.    Admits each and every allegation contained in paragraph "22" of the Complaint.

23.    Denies each and every allegation contained in paragraph "23 of the Complaint.

24.    Admits each and every allegation contained in paragraph "24" of the Complaint.

25.    Denies sufficient knowledge, information and belief to assert the truth with respect to each and every allegation contained in paragraph "25" of the Complaint except to deny that Garden City Boxing Club, Inc., is an aggrieved person and is entitled to damages from the Defendants for their violations of the Statute and their interference with Garden City Boxing Club, Inc.'s proprietary rights.

26.    Denies sufficient knowledge, information and belief to assert the truth with respect to each and every allegation contained in paragraph "26" of the Complaint except to deny as a direct and proximate result of the Defendant's acts, Garden City Boxing Club, Inc. has lost the revenue which would have been derived from the delivery and exhibition of the Event to NJ Junior, Inc., d/b/a Café Novita Bar and its patrons, causing substantial and irreparable harm, including but not limited to, a loss of revenue and profits, damage to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its right and ability to control and receive fees for the reception of the Event.  Defendants further deny Garden City Boxing Club, Inc., suffered an unquantifiable loss of future business in those persons who will not patronize Garden City Boxing Club, Inc., subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as NJ Junior, Inc., d/b/a Café Novita Bar.

27.    Denies each and every allegation contained in paragraph "27"of the Complaint.

## COUNT II
## VIOLATION OF 47 U.S.C. § 553

28. Defendant's hereby repeat, reiterate and reallege each and every response contained in paragraphs 1 through 27 as if more fully set forth herein.

29. Admits each and every allegation contained in paragraph "29" of the Complaint.

30. Denies each and every allegation contained in paragraph "30" of the Complaint.

31. Denies each and every allegation contained in paragraph "31" of the Complaint.

32. Denies each and every allegation contained in paragraph "32" of the Complaint.

33. Denies each and every allegation contained in paragraph "33" of the Complaint.

34. Denies each and every allegation contained in paragraph "34" of the Complaint.

35. Denies each and every allegation contained in paragraph "35" of the Complaint.

36. Denies each and every allegation contained in paragraph "36" of the Complaint.

**WHEREFORE**, Defendant's NP Junior, Inc., d/b/a Café Novita Bar, Nick Perriello and Nicholas Perriello respectfully request judgment dismissing the Complaint, along with an award of costs and such other and further and different relief this Honorable Court deems just.

## JURY DEMAND

Defendants, NP Junior, Inc., d/b/a Café Novita Bar, Nick Perriello and Nicholas Perriello, demand a jury trial on all issues.

Page -5-

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims fail to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are deficient since at no time did the Defendants' receive any transmission broadcast of the said EVENT as alleged in the Complaint.

### Third Affirmative Defense

The Plaintiff's have wrongfully named as individual party defendants, Nick Perriello and Nicholas Perriello, as at all times the corporation, NP Junior, Inc., d/b/a Café Novita Bar, operated and maintained the facility.

### Fourth Affirmative Defense

At no time prior to the institution of the within action has the Plaintiff sought recovery of any fees allegedly associated with the wrongful broadcast of the EVENT as alleged in the Complaint nor has the Plaintiff ever invoiced and/or alleged any wrongful broadcast of the EVENT at the premises operated by NP Junior, Inc.

### Fifth Affirmative Defense

At all times, the premises maintained by the Defendant, NP Junior Inc., d/b/a Café Novita Bar at 93 Mamaroneck Avenue, White Plains, New York, never maintained any cable or satellite

service connection thus rendering the allegations in the Complaint impossible.

### Sixth Affirmative Defense

The counts alleged in the Complaint are barred by the doctrines of waiver, unclean hands,

estoppel, bad faith and laches.


**WHEREFORE,** the Defendants, NP Junior, Inc., d/b/a Café Novita Bar, Nick Perriello

and Nicholas Perriello, respectfully request judgment dismissing the Complaint, together with

costs and such further and different relief this Honorable Court deems just and proper.


Dated: New York, New York
      August 1, 2007


RICHARD B. HERMAN, LLC

Richard B. Herman, Esq. (6524)
Attorneys for Defendants
NP Junior, Inc., d/b/a Café Novita Bar,
Nick Perriello and Nicholas Perriello
300 Park Avenue, Suite 1700
New York, NY 10022
Tel.:   (212) 868-9300
Fax.:   (212) 759-7373
Email: rbh@rbhlaw.us