UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC. )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>NP JUNIOR, INC., )<br>d/b/a CAFÉ NOVITA BAR )<br>and NICK PERRIELLO )<br>and NICHOLAS PEREIELLO )<br>)<br>Defendants. ) | Civil Action No. 07 CIV. 4789 (WCC) |

**DEFENDANTS', NP JUNIOR, INC., D/B/A CAFÉ NOVITA BAR,
NICK PERRIELLO AND NICHOLAS PERRIELLO,
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendants, NP Junior, Inc., d/b/a Café Novita Bar, Nick Perriello and Nicholas Perriello, by their attorneys, Richard B. Herman, LLC, hereby request that Plaintiff answer the following interrogatories under oath.

**DEFINITIONS AND INSTRUCTIONS**

**PLEASE TAKE FURTHER NOTICE** of the following:

1. Whenever in these Interrogatories there is a request to "identify" a person, set forth:

    (a) His/her full name:

    (b) His/her present business and home address; if not known, his/her last known business and home addresses;

    (c) His/her prsent employer and his/her present position; and

1

       (d)       Prior positions he/she held with the party or entity to whom these Interrogatories are propounded or any other related company.

2. Further, with respect to each person identified who was an employee of the person or entity to whom these Interrogatories are propounded during the period relevant to the response:

       (a)       State his/her position during such period, and set forth the responsibilities of such position;

       (b)       Identity his/her immediate superior during such period;

       (c)       State whether he/she was acting as a member of a committee or group and, if so, set forth the name of such committee or group and identify all of the members thereof during such period; and

       (d)       Set forth the names of all other departments, divisions, subsidiaries or other units with which he/she was affiliated during such period.

3. Whenever in these Interrogatories there is a request to "identity" a document:

       (a)       State the type/nature of the document (e.g., letter, memorandum, report, etc.);

       (b)       Set forth its date;

       (c)       Identify the signer or signers and the addressee or addressees;

       (d)       Set forth the title, heading or other designation, numerical or otherwise, of the document;

       (e)       Identify any other person who authorized, supervised, approved or participated in the preparation of the document;

       (f)       Identify any other persons to whom copies of the document were sent;

       (g)       Set forth the present or last known location of at least one copy of the document and of each copy thereof having notations or markings unique to such copy;

       (h)       State the source of such document, if not prepared by the person or entity to whom these Interrogatories are propounded, and the date such document

      was obtained by such person or entity; and

  (i)    State the substance of the document.

In lieu of furnishing the information requested in (a) through (i), either supply a copy of such document or indicate that it is available for inspection and copying by Defendant at a convenient time and location and set forth such time and location.

  4.    "Identify", when used with reference to an agreement, warranty, representation, contract, or understanding means to state:

    (a)    Whether it, including any modification or amendments thereto, was written or oral, to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof;

    (b)    The identity of the persons who negotiated or had any role in suggesting or framing the terms of the agreement, warranty, representation, contract or understanding, including any modifications or amendments thereto; and

    (c)    The substance of the agreement, warranty, representation, contract or understanding, including any modifications or amendments thereto.

  5.    Whenever in these Interrogatories there is a request to identify a meeting, incident, occurrence, communication or conversation:

    (a)    State the date and place of any such conversation or meeting;

    (b)    Identify all employees of the person or entity to whom these Interrogatories are propounded who were present at or who participated in such conversation or meeting;

    (c)    Identify all other persons who were present at or participated in such conversation or meeting;

    (d)    Identify all documents relating to such conversation or meeting including, but not limited to, diary entries, memoranda of what transpired thereat, minutes of such conversation or meeting, documents distributed, exhibited or read at such conversation or meetings and documents prepared by any employee of the person or entity to whom these Interrogatories are propound, referring to such conversation or meeting; and

    (e)    State the substance of any such conversation or meeting.

6. Whenever in these Interrogatories there is a request to furnish data which is contained on magnetic tapes or discs, in addition to furnishing such data, either supply a copy of such tapes or discs, fully identifying the nature of the data contained thereon or indicate that it is available for inspection and copying by plaintiff at a convenient time and location and set forth such time and location.

7. Whenever in these Interrogatories there is a request to "identify" any person other than an individual, state whether or not said company is a corporation, partnership, association, the address of said company, and identify the person who is known to the person or entity to whom these Interrogatories are propounded to be the supervisor or executive operating officer of said company.

8. "Set forth the basis," when used with reference to contention, allegation, or understanding, means to set forth all relevant facts relied upon by you in formulating the contention, allegation or misunderstanding.

9. The singular includes the plural and the plural includes the singular; the conjunctive includes the disjunctive and the disjunctive includes the conjunctive; and the masculine includes the feminine and the feminine includes the masculine.

10. If complete responses cannot be made after the exercise of due diligence to secure the requested information, so indicate, and fully describe the efforts made and the results thereof, and furnish the information to whatever extent possible.

11. This request is a continuing request requiring supplemental responses in the event you or your attorney become aware of further information or documents between the time documents are produced and conclusion of trial of this case.

12. If Plaintiff objects to any of the requests under claim of privilege, the said Plaintiff is requested additionally to state the basis upon which such privilege is claimed, and specifically all persons to whom copies were furnished, identifying their employer, and stating their job title.

13. "Plaintiff" refers to GARDEN CITY BOXING CLUB, INC., its agents, servants, employees and attorneys.

14. "NP" refers to NP JUNIOR, INC. d/b/a CAFÉ NOVITA BAR.

15. In answering these interrogatories, you are requested to furnish all information known or available to you regardless of whether possessed directly by you or by your attorneys, employees, agents, investigators, or other representatives.

16. If, for any reason, you are unable to answer any of these interrogatories in full:

    (a)    Answer each to the fullest extent possible;
    (b)    Specify the reasons for your inability to answer in full; and
    (c)    State in detail whatever information, knowledge, or belief you have concerning the unanswered portion.

17. Each interrogatory is continuing, and requires that you produce all responsive documents and tangible objects whenever you obtain or become aware of them, even if they are not in your possession or available to you on the date you first produce documents pursuant to this Request.

18. Wherever an answer to an interrogatory to response to another interrogatory, or to a document identified in such other interrogatory, specifically identify each particular document or interrogatory response to which such reference is made.

19. Wherever an interrogatory calls for the identification of a document claimed by you to be privileged, attorney's work product or trial preparation material, identify the document, state the type of such claim for non-disclosure and the basis thereof, produce the non-privileged portion of the document, and advise whether you will submit any document to the Court for an *in camera* determination of the validity of the claim of privilege.

    **PLEASE TAKE FURTHER NOTICE** that, as used herein, the following terms shall have the meaning, and be interpreted, as set forth below:

1. The term "documents" encompasses: the original and all drafts and copies (including copies bearing notations or marks not found in the original) of any writings of any nature whatsoever, including, but not limited to, correspondence, internal records, memoranda, notes of conversations or meetings, diary entries, reports, exhibits, resolutions, minutes, submissions, files, drafts, letters, messages, statements, bills, summaries and any other recording medium.

2. The conjunctions "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or", and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any description of documents contained herein.

3. The words "include" or "including" shall be interpreted in every instance as being illustrative of the information requested, and shall be read as meaning "including but not limited to", so as to avoid excluding any information otherwise within the scope of any description of documents contained herein.

4. The term "produce":

5

(a) Shall be interpreted to mean to attach all documents and tangible things which reflect, refer, relate, concern, or pertain, directly or indirectly, to the request specified, and shall include: every copy of each document which is not an exact duplicate of the document which is produced; every copy which has any writing, figuring, notation, annotation, or similar markings; all drafts of each document; all attachments or enclosures with each document; and every document referred to in such document.

(b) Shall be interpreted to request that all documents and tangible things be produced in the form and in the same order within each file in which they existed prior to production, and that the file folders, boxes, or other containers or binders in which such documents are found also be identified, including the titles, labels, or other description of such folders, boxes, containers, or binders.

(c) Shall be interpreted, in the event that any documents or tangible things were, but no longer are, in the possession, custody, care, or control of the respondents (whether they have been lost, discarded, destroyed, or otherwise) to call for the identification and description of all such documents, to the fullest extent possible, including a description of its nature (e.g., letter, memorandum, work paper, etc.), date, number of papers, name of each author, addressee, and recipient, subject matter, and any other information necessary to identify such document or part thereof; and shall also include information concerning the date, time, and place of disposal, the exact manner of their disposal, the reason for their disposal, the person authorizing their disposal, the persons having knowledge of their disposal, and the person actually disposing of those documents.

5. The term "person" shall be interpreted to mean each and every individual, natural person, association, business enterprise, company, corporation, professional corporation, firm, organization, partnership, trust, joint venture, proprietorship, or other business enterprise or legal entity, as the case may be, as well as each of their respective parents, subsidiaries, affiliates, and divisions, whether or not wholly owned, and each of their respective merged or acquired predecessors or successors in interest, trustees, or receivers, and any of their respective present or former officers, directors, agents, servants, employees, investigators, attorneys, representatives, advisors, consultants, stockholders, or other persons acting or purporting to act for or on their behalf.

## INTERROGATORIES

1. Please set forth the name, home and business address, and title of the person answering these interrogatories.

2. With respect to the legal composition and business of Plaintiff Garden City Boxing Club, Inc.:

  (a) State the exact legal name;

  (b) State the date of incorporation;

  (c) State each state, if any, in which Plaintiff was/is licensed or otherwise authorized to do business since it obtained the license or authorization;

  (d) State the address of each place of business which Plaintiff maintained since the date of incorporation to the present, the date on which Plaintiff commenced business at each location and, if it ceased doing business at any location, the date thereof;

  (e) Describe the business in which Plaintiff was engaged at each place of business which it maintained;

  (f) State the name(s) of all officers of Plaintiff;

  (g) State the name(s) of all shareholders of Plaintiff;

  (h) State all names under which Plaintiff does business, and provide documentation regarding same.

3. State any and all agreements the Plaintiff maintained with Promoters to exhibit the closed-circuit telecast of the June 5, 2004 Oscar De La Hoya and Felix Sturm boxing match ("The Event").

4. If the answer to number "3" above is in the affirmative, answer the following for each such agreement:

  (a) Set forth the names and addresses of all witnesses to the execution of said agreement;

  (b) Set forth the names and addresses of all witnesses to the formation of said agreement;

  (c) Set forth the names and addresses of all persons who executed said agreement;

  (d) Was the agreement written? If so, attach a copy of the agreement to your

answers to these interrogatories.

5. State whether or not the Plaintiff conducted any negotiations prior to the entry into the aforementioned agreement(s), and if they did,

   (a) State the date when and the place where the negotiations occurred;

   (b) State the names of the individuals by whom the negotiations were conducted on behalf of the respective parties;

   (c) State if any part of the negotiations was conducted in or reduced to writing, including any written proposals or correspondence, and if so, set forth a legible copy thereof;

   (d) State if any part of the negotiations was conducted orally and, if so, state the sum and substance thereof.

6. Identify any and all agreements that the Plaintiff maintained with establishments in White Plains, New York to grant such establishments the right to broadcast the Event.

7. If the answer to number "6" above is in the affirmative, answer the following for each such agreement:

   (a) Set forth the terms of the agreement, including the date and place it was entered into;

   (b) Set forth the names and addresses of all witnesses to the execution of said agreement;

   (c) Set forth the names and addresses of all witnesses to the formation of said agreement;

   (d) Set forth the names and addresses of all persons who executed said agreement;

   (e) Was the agreement written? If so, attach a copy of the agreement to your answers to these interrogatories.

8. State whether or not the Plaintiff and establishments throughout White Plains, New York conducted any negotiations prior to the entry into the aforementioned agreement(s), and if they did,

  (a) State the date when and the place where the negotiations occurred;

  (b) State the names of the individuals by whom the negotiations were conducted on behalf of the respective parties;

  (c) State if any part of the negotiations was conducted in or reduced to writing, including any written proposals or correspondence, and if so, set forth a legible copy thereof;

9. Identify any and all agreements that the Plaintiff maintained with NP, Nick Perriello and/or Nicholas Perriello which granted the right to broadcast the Event.

10. If the answer to number "9" above is in the affirmative, answer the following for each such agreement:

  (a) Set forth the terms of the agreement, including the date and place it was entered into;

  (b) Set forth the names and addresses of all witnesses to the execution of said agreement;

  (c) Set forth the names and addresses of all witnesses to the formation of said agreement;

  (d) Set forth the names and addresses of all persons who executed said agreement;

  (e) Was the agreement written? If so, attach a copy of the agreement to your answers to these interrogatories.

11. State whether or not the Plaintiff and NP, Nick Perriello and/or Nicholas Perriello conducted any negotiations prior to the entry into the aforementioned agreement(s), and if they did,

  (a) State the date when and the place where the negotiations occurred;

  (b) State the names of the individuals by whom the negotiations were conducted on behalf of the respective parties;

  (c) State if any part of the negotiations was conducted in or reduced to writing, including any written proposals or correspondence, and if so, set forth a legible copy thereof;

9

12. State if any part of the negotiations was conducted orally and, if so, state the sum and substance thereof.

13. Identify the names and addresses of each of Plaintiff's customers in White Plains, New York from 2004 to present and/or potential customers.

14. For each person(s) listed in "13" set forth:

    (a) The date the Plaintiff first contacted said person(s);

    (b) The manner in which the Plaintiff first contacted said person(s); if by way of document, provide a copy of same;

    (c) How Plaintiff became aware of said person(s); if by way of publication, provide a copy of said publication;

    (d) The name of the contact individual(s) at said person(s);

    (e) The individual from the Plaintiff who was responsibly for contacting said person(s);

    (f) The items sold by the Plaintiff to said person(s), providing copies of invoices associated therewith;

    (g) Provide copies of all sales invoices, etc., to said person(s) since 2004; and

    (h) Identify any and all documents that support and/or verify the sales made to said person(s) since 2004.

15. Identify the nature of the electronic decoding equipment and satellite coordinates required to receive the signal for the Event, how such equipment operates and the exact manner and means by which the equipment broadcasts the Event.

16. Identify the nature of the set-up required by each establishment "in-house" to operate the electronic decoding equipment and satellite coordinates required to receive the signal for the Event.

17. Identify the exact manner and means by which NP broadcast the Event.

18. Identify all documents and/or items that may support or contradict the claims in the Complaint.

19. Identify the location of all documents and/or items that may support or contradict the claims in the Complaint.

20. Identify any person(s) whose statement the Plaintiff has obtained which supports or contradicts the claims in the Complaint and state his/her:

    (a) Full name;

    (b) Present address of residence; and

    (c) Present place of employment.

21. Identify each statement Plaintiff has obtained which supports or contradicts the claims in the Complaint and provide a true unredacted copy of each statement, including:

    (a) Time;

    (b) Date; and

    (c) Location.

22. Identify each and every witness who has knowledge of the events claimed in the Complaint

23. Provide a detailed calculation of each category of damages as alleged in the lawsuit.

24. With respect to each individual the Plaintiff may call as a witness at the time of trial, state his/her:

    (a) Full name;

    (b) Present address of residence;

    (c) Present place of employment;

    (d) The exact date and time he/she was on the NP premises;

    (e) How long he/she was on the premises;

    (f) His/her purpose in visiting the NP premises;

11

 (g) How many television sets he/she observed broadcasting the Event on the NP premises;

 (h) Whether he/she observed any cable or satellite equipment on the NP premises;

 (i) Whether he/she paid a cover charge to enter the NP premises;

 (j) The number of people inside the NP premises when he/she entered; and

 (k) The names of the people inside the NP premises.

25. Identify each and every person whom the Plaintiff expects to call as an expert witness in the trial of this action and with respect to each such person, state:

 (a) His/her academic credentials and field of expertise;

 (b) Any sub-specialties of the witness within his/her field of expertise;

 (c) The subject matter about which he/she is expected to testify;

 (d) The substance of the facts and opinions to which he/she is expected to testify;

 (e) A summary of the grounds of each of the opinions to which he/she is expected to testify; and

 (f) The titles of any treatises, books, articles, essays, or other writings, published or unpublished, authored, compiled, edited or otherwise produced by the expert, relating in any way to the subject matter about which he/she is expected to testify.

26. Identify all documents the Plaintiff may utilize at trial.

Dated: New York, New York
   August 1, 2007

RICHARD B. HERMAN, LLC

*[signature]*

Richard B. Herman, Esq. (6524)
Attorneys for Defendants
NP Junior, Inc., d/b/a Café Novita Bar,
Nick Perriello and Nicholas Perriello
300 Park Avenue, Suite 1700
New York, NY 10022
Tel.:   (212) 868-9300
Fax.:   (212) 759-7373
Email: rbh@rbhlaw.us