UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
GARDEN CITY BOXING CLUB, INC.

                 Plaintiff,

          -against-

NP JUNIOR, INC.,
d/b/a CAFÉ NOVITA BAR
and NICK PERRIELLO
and NICHOLAS PERRIELLO

               Defendants.
---------------------------------------------------------x

**NOTICE OF MOTION**
**07 CV. 4789 (WCC)**

PLEASE TAKE NOTICE that on the annexed affirmation of Richard B. Herman, the

Memorandum of Law and accompanying Exhibits, the undersigned will move this Court on

behalf of the defendants NP JUNIOR, INC. d/b/a CAFÉ NOVITA BAR, NICK PERRIELLO and

NICHOLAS PERRIELLO, on a date and time fixed by the Court for an Order:

1). Dismissing the indictment against the individual defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;
2). For a hearing relative to this matter;
3). And for such other relief as this Court may deem just and proper.

Dated: New York, New York
      February 22, 2008

                               Respectfully submitted

                               RICHARD B. HERMAN, LLC

                               By: Richard B. Herman (RH-6524)
                               300 Park Avenue, Suite 1700
                               New York, New York 10022
                               Phone: (212) 868-9300
                               Fax:    (212) 759-7373
                               rbh@rbhlaw.us

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
GARDEN CITY BOXING CLUB, INC.

                    Plaintiff,

               -against-

NP JUNIOR, INC.,
d/b/a CAFÉ NOVITA BAR
and NICK PERRIELLO
and NICHOLAS PERRIELLO

                   Defendants.
--------------------------------------------------------x

**AFFIRMATION**
**07 CV. 4789 (WCC)**

      RICHARD B. HERMAN, an attorney duly admitted to practice law in this Court hereby

affirms and swears:

      1).     I represent the defendants, NP JUNIOR, INC. d/b/a CAFÉ NOVITA BAR, NICK

PERRIELLO and NICHOLAS PERRIELLO, in the above-captioned matter and submit this

affirmation in support of Defendants' Pre-Trial motions as set forth in the Notice of Motion and

Memorandum of Law.

      2).     This affirmation is submitted upon information and belief based upon a review of

all materials and the file.

      3).     All facts necessary for a determination of the instant motion are set forth in the

accompanying Memorandum of Law (which are incorporated herein by reference).

      WHEREFORE, on behalf of all defendants in the above captioned matter, your

affirmant prays for an Order granting the following motion or, in the alternative, a hearing to

determine the issues in question.

RICHARD B. HERMAN

Dated: New York, New York
       February 22, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
GARDEN CITY BOXING CLUB, INC.

                Plaintiff,

          -against-                         **07 CV. 4789 (WCC)**

NP JUNIOR, INC.,
d/b/a CAFÉ NOVITA BAR
and NICK PERRIELLO
and NICHOLAS PERRIELLO

                Defendants.
--------------------------------------------------------x


# <u>MEMORANDUM OF LAW</u>


RICHARD B. HERMAN, ESQ.

RICHARD B. HERMAN, LLC
300 Park Avenue
Suite 1700
New York, New York 10022
(212) 868-9300

*Attorneys for Defendants NP Junior, Inc. d/b/a Café Novita Bar,*
*Nick Perriello and Nicholas Perriello*

4

## PRELIMINARY STATEMENT

On or about June 5, 2007, plaintiff, GARDEN CITY BOXING CLUB, INC., filed a complaint against defendant corporation, NP JUNIOR, INC., d/b/a CAFÉ NOVITA BAR and individual defendants, NICK PERRIELLO and NICHOLAS PERRIELLO, alleging various violations of the Federal Communications Act of 1934. Specifically, plaintiff alleges that the defendants misappropriated a closed-circuit telecast of a June 5, 2004 boxing match between Oscar De La Hoya and Felix Sturm without licensing the rights to the event from the plaintiff.

Individual defendants, NICK PERRIELLO and NICHOLAS PERRIELLO, were the sole shareholders of defendant, NP JUNIOR, INC., a dissolved corporation organized and existed under the laws of the State of New York with its principal place of business located in White Plains, New York (Certificate of Dissolution attached hereto as Exhibit A). NP JUNIOR, INC. operated a restaurant/bar known as Café Novita located at 93 Mamaroneck Avenue in White Plains, New York (Lease attached hereto as Exhibit B). On or about September 2004, Café Novita ceased operations, the business closed and the corporation was subsequently dissolved.

## ARGUMENT
### PLAINTIFF HAS NOT ALLEGED INFORMATION
### SUFFICIENT TO "PIERCE THE CORPORATE VEIL" TO
### IMPOSE SHAREHOLDER LIABILITY ON THE INDIVIDUAL DEFENDANTS

It is well-settled that a corporate entity is separate and distinct from the legal personalities of those who own and manage the corporation. Therefore, the liability of an individual shareholder for the obligations of the corporation is normally limited. Any liability for alleged wrongdoing of the corporation is solely against the corporation and not against its shareholders personally unless a court determines that the separate existence should be disregarded.

"The concept of piercing the corporate veil is a limitation on the accepted principles that a corporation exists independently of its owners ...[and] that the owners are normally not liable for the debts of the corporation." <u>Matter of Morris v. New York State Dept. of Taxation and Fin.</u>, 82 NY2d 135, 140 (1993). A court will pierce the corporate veil whenever necessary to prevent fraud or to achieve equity. <u>Id.</u>  In addition, a court may pierce the corporate veil to reach the controlling parent, shareholder or director upon a showing that he or she rendered the corporation unable to honor its obligations, resulting in a loss to the plaintiff. <u>Chase Manhattan Bank (N.A.) v. 264 Water Street Assocs.</u>, 174 AD2d 504 (1st Dep't 1991).

This tactic is typically employed by a third party seeking to go behind the corporate existence in order to circumvent the limited liability of the owners and to hold them liable for some underlying corporate obligation.  <u>Matter of Morris v. New York State Dept. of Taxation and Fin.</u>, 82 NY2d at 141. In New York, two requirements must be satisfied in order for a party to pierce the corporate veil: (1) the shareholder must have exercised complete domination over the corporation with respect to the transaction at issue; and (2) such domination must have been used to commit fraud or wrong that injured the party seeking to veil pierce. <u>Matter of Morris v. New York State Dept. of Taxation and Fin.</u>, <u>supra</u>; <u>Old Republic National Title Insurance Company v. Moskowitz</u>, 279 A.D.2d 724 (2d Dep't 2002). To withstand a motion to dismiss, the plaintiff must sufficiently allege these factors, however, these elements have not even been mentioned in the complaint.

The owner and operator of Café Novita was <u>always</u> a corporate entity and never one of the individual Perriello defendants. On or about June 5, 2004, when the closed circuit telecast of the boxing match in question was aired, the defendant corporation, NP JUNIOR, INC., was

6

unequivocally and incontrovertibly in charge of the operations at Café Novita. The complaint outlines the alleged misappropriation of the event and infringement of plaintiff's exclusive rights, however, the description of these so-called actions is not phrased in terms of a fraud, but rather a theft of services in connection with a breach of contract. In order to satisfy New York's piercing the corporate veil test, the plaintiff must show that shareholder liability may be predicated either upon a showing of fraud or upon complete control by the dominating corporation that leads to a wrong. Absent a showing that "control and domination was used to commit wrong, fraud, or the breach of a legal duty, or a dishonor and unjust act" New York law will not allow a piercing of the corporate veil. Electronic Switching Indus. v. Faradyne Elec. Corp., 833 F.2d 418, 424 (2d Cir. 1987). Courts are loathe to pierce the veil unless "there is proof that defendants were doing business in their individual capacities to suit their own ends." Walkovszky v. Carlton, 18 N.Y.2d 414, 420 (1966). The crucial question is whether the corporation is a "shell being used by the individual shareowners to advance their own purely personal rather than corporate ends." Port Chester Elec. Constr. Corp. v. Atlas, 40 N.Y.2d 652, 656-57 (1976).

It is submitted that plaintiff has come nowhere near to making that showing and, indeed, plaintiff did not even bring this case against defendants until a full three years after the event was broadcast and almost three years after Café Novita closed its doors. Despite this "lag time" between the alleged misappropriated broadcast and the filing of the complaint, plaintiff clearly spent no time investigating whether the individual Perriellos were proper parties to this lawsuit. The Perriello defendants formed NP JUNIOR, INC. for the sole purpose of operating Café Novita. When it closed, there was no longer any need for the corporation and NP Junior, Inc. was later dissolved. While the corporation was not used by the individual Perriellos to accomplish

7

their own personal business, the plaintiff has not even alleged that was intermingling between

individual and corporation and instead has simply sued everyone, evidencing a complete and

utter disregard for the law and corporate structure.

It is patently obvious that the plaintiff is attempting to pierce the corporate veil of

defendant, NP JUNIOR, INC., by including as co-defendants, shareholders, NICK PERRIELLO

and NICHOLAS PERRIELLO. By not proving domination by the shareholders over the

corporation or alleging fraud in the complaint, the plaintiff cannot sustain its burden on a motion to dismiss. Therefore, the complaint as against the individual Perriello defendants should be dismissed.

## CONCLUSION

FOR THESE REASONS, on behalf of individual defendants, NICK PERRIELLO and NICHOLAS PERRIELLO, your affirmant prays for an Order granting the following motion or, in the alternative, a hearing to determine the issues in question.

Dated: New York, New York
          February 22, 2008

                                        Respectfully submitted,
                                        RICHARD B. HERMAN, LLC

                                        *Attorneys for Defendants NP Junior, Inc.,*
                                        *Nick Perriello and Nicholas Perriello*


                                        By: Richard B. Herman (RH-6524)
                                        300 Park Avenue, Suite 1700
                                        New York, New York 10022
                                        Tel.: (212) 868-9300
                                        Fax: (212) 759-7373
                                        rbh@rbhlaw.us

8