UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GARDEN CITY BOXING CLUB, INC.,                INDEX # 07-CV-4789
                Plaintiff,
                                              AFFIRMATION IN OPPOSITION
      -against-
NP JUNIOR, INC.
d/b/a CAFÉ NOVITA BAR
and NICK PERRIELLO
and NICHOLAS PERRIELLO
                Defendant,
--------------------------------------------------------X

       Paul J. Hooten, an attorney dully admitted to practice before this Court, deposes and says the following under penalty of perjury:

       1. I am a member of Paul J. Hooten & Associates, attorneys for the plaintiff Garden City Boxing Club, Inc.. (hereinafter "Plaintiff"), the broadcast licensee of the June 5, 2004, Oscar De La Hoya and Felix Sturm, boxing program, and, as such, am fully familiar with the facts and circumstances heretofore had herein.

       2. I respectfully submit the within affirmation in opposition of plaintiff's motion to dismiss as against the defendants, NP Junior, Inc., d/b/a Café Novita Bar and Nick Perriello and Nicholas Perriello, (hereinafter "Defendants"), pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

       3. Plaintiff commenced the action by the filing of the summons and complaint on June 5, 2007, alleging that defendant willfully violated 47 U.S.C. § 553 and § 605, in showing without authorization from the plaintiff the June 5, 2004, boxing match of Oscar De La Hoya and Felix Sturm in their commercial establishment for direct commercial gain.

       4. On June 15, 2007, the defendants were served with a copy of the summons and complaint and on September 13, 2007, the defendants, through their attorney filed an answer to

the plaintiff's complaint.

5. An initial scheduling conference was scheduled for February 1, 2008, before the Honorable William C. Conner.

6. On February 22, 2008, the defendants through their attorney filed a motion to dismiss against the individuals.

7. On March 14, 2008, the plaintiff''s attorney requested an adjournment to respond to the defendant motion to dismiss.

8. The defendant's motion to dismiss against the individual defendants is based on Federal Rules of Civil Procedure, Rule 12(b)(6):

> Rule 12: Defenses and Objections – When and How Presented–By Pleading or Motion–Judgment on the Pleadings
> **(b) How Presented.**
>
> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

9. In the case at hand, Federal Rule 12 (b)(6) is not appropriate as the plaintiff's complaint clearly states a cause of action.

10. In the case at hand the defendants' are in violation of 47 U.S.C. §605. The Federal Communications Act of 1934, as amended, 47 U.S.C. §605(the "Statute"), provides in part:

> No person not being authorized by the send shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled there to shall receive or assist in receiving any interstate or foreign communication by radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

11. The Defendants wrongful actions in connection with the Event were in violation of the Statute.

12. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication..." may bring a private cause of action against one who acts in violation of the Statute.

13. The defendants, Nick Perriello and Nicholas Perriello were the owners and operators of the NP Junior, Inc., d/b/a Café Novita Bar , a commercial establishment located at 93 Mamaroneck Avenue in White Plains, New York.  On or about June 5, 2004, without authorization, the defendants or agents servants and/or employees of the defendants intercepted and received or assisted in the interception and receipt of the transmission of the Event.  They thereupon Broadcast or assisted in the broadcast of the Event to the patrons of NP Junior, Inc.,

d/b/a Café Novita Bar.

14. Section 605(a) applies as to persons who "assist in receiving any interstate...communication," which may include corporate officers who have knowledge of an interception even though they may not have participated directly. Situations involving closely held or small corporations, the interference that the corporate officers which have such knowledge is a reasonable one.

15. Therefore, the defendant's argument that plaintiff is attempting to "Pierce the Corporate Veil" simply does not apply to the case at hand.

16. Furthermore, as stated in Count II of the Plaintiff's complaint, Violation of 47 U.S.C. §553. Section 553(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications services offered over a cable system, unless specifically authorized to do so by a cable operator or as many otherwise be specifically authorized by law."

17. Upon information and belief, in violation of 47 U.S.C. §553, the Defendants, illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized inception or receipt of the Event.

18. Therefore, the defendants' case to dismiss based on plaintiff's attempts to pierce the corporate veil is not relevant as the case at hand is based on the defendants violation of 47 U.S.C. §605. The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 of the Federal Rules of the Civil Procedure and the defendants violation of 47 U.S.C. §553 of the Federal Rules of Civil Procedure.

19. It is clear that, in addition to the corporate defendant, the individual defendants committed the actual act which caused the interception and transmission of the event.

**WHEREFORE**, based on the above the defendant, motion to dismiss must be denied and plaintiff shall be awarded statutory damage pursuant to §605 and §553 for an amount to be determined by the Court.

Dated: March 24, 2008                                /s/    Paul J. Hooten
                                                                     Paul J. Hooten (PJH9510)
                                                                     Attorney for Plaintiff
                                                                      Paul J. Hooten & Associates
                                                                      5505 Nesconset Hwy., Ste. 203
                                                                      Mt. Sinai, NY 11766
                                                                      (631)331-0547

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

GARDEN CITY BOXING CLUB, INC.,   INDEX # 07-CV-4789

              Plaintiff,

                                        CERTIFICATE OF SERVICE

      -against-

NP JUNIOR, INC.
d/b/a CAFÉ NOVITA BAR
and NICK PERRIELLO
and NICHOLAS PERRIELLO

              Defendant,
-------------------------------------------------------X

      I certify that a copy of the Plaintiff's Affirmation in Opposition to the Defendant's Motion to Dismiss was sent via U.S. Postal Service, first class mail, postage prepaid to the following on March 24, 2008.

To:    Richard B. Herman, LLC
        Attorney for Defendant
        300 Park Avenue - Ste. 1700
        New York, NY 10022

Dated: March 24, 2008                    /s/    Paul J. Hooten
                                                      Paul J. Hooten (PJH9510)
                                                      Attorney for Plaintiff

                                                      Paul J. Hooten & Associates
                                                     5505 Nesconset Hwy., Ste. 203
                                                     Mt. Sinai, NY 11766
                                                     (631)331-0547