```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                                  07 Civ. 4789 (WCC)
GARDEN CITY BOXING CLUB, INC.,           :
                                                      ECF CASE
                    Plaintiff,           :

        - against -                      :          OPINION
                                                    AND ORDER
NP JUNIOR, INC. d/b/a CAFÉ NOVITA BAR,   :
NICK PERRIELLO and NICHOLAS PERRIELLO,
                                         :
                    Defendants.
                                         :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                       PAUL J. HOOTEN & ASSOCIATES
                                       **Attorneys for Plaintiff**
                                       5505 Nesconset Hwy., Suite 203
                                       Mt. Sinai, New York 11766

PAUL J. HOOTEN, ESQ.

       Of Counsel

                                       RICHARD B. HERMAN, LLC
                                       **Attorneys for Defendants**
                                       300 Park Avenue, Suite 1700
                                       New York, New York 10022

RICHARD B. HERMAN, ESQ.

       Of Counsel

**Copies E-Mailed to Counsel of Record**

**Conner, Sr. D.J.:**

Plaintiff, Garden City Boxing Club, Inc. brings this suit against defendants NP Junior, Inc. d/b/a Café Novita Bar ("NP Junior"); Nick Perriello and Nicholas Perriello (collectively "individual defendants"), pursuant to Section 705 of the Federal Communications Act of 1934 ("the Act"), 47 U.S.C. §§ 605, 553. Plaintiff alleges that defendants violated the Act when, without authorization, they willfully intercepted and exhibited a televised boxing match that plaintiff had the exclusive rights to exhibit. The individual defendants moved to dismiss the claims against them pursuant to FED. R. CIV. P. 12(b)(6). For the following reasons, defendants' motion is denied.

### BACKGROUND

Plaintiff alleges the following in its Complaint.

Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business in California. (Complt. ¶ 4.) Defendant NP Junior is a corporation organized under the laws of the State of New York and authorized to transact business as Café Novita Bar at its principal place of business in White Plains, New York.[1] (Complt. ¶ 5.) Plaintiff alleges that the individual defendants are the owners of NP Junior d/b/a Café Novita Bar. (*Id.* ¶ 6.)

Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the June 5, 2004 boxing match between Oscar De La Hoya and Felix Strum, including all related bouts (collectively referred to as the "Event"), at closed-circuit locations such as bars and restaurants throughout New York and other areas ("the License Agreement"). (*Id.* ¶ 8.) Plaintiff

---

[1] Café Novita Bar ceased operations in September 2004 and NP Junior was subsequently dissolved. (Defs. Mem. Supp. Mot. Dismiss at 5 & Ex. A.)

paid substantial fees for the exclusive rights and entered into the License Agreement for the purpose of distributing the Event to business establishments throughout New York for commercial gain. (*Id.* ¶¶ 8-9.) In New York, the event could legally be exhibited only in a commercial establishment contractually authorized to do so by plaintiff. (*Id.* ¶ 10.) Pursuant to the License Agreement, plaintiff entered into contracts with various New York establishments and granted them the right to broadcast the Event for a fee. (*Id.* ¶ 11.)

The transmission of the Event was electronically coded, or "scrambled," and, to receive the signal clearly, establishments needed electronic decoding equipment and necessary satellite coordinates provided by plaintiff. (*Id.* ¶¶ 12, 14.) Defendants could have entered into a contract with plaintiff to obtain the rights to broadcast the Event, however they did not and therefore were not authorized to do so. (*Id.* ¶¶ 13, 19.) Plaintiff alleges that on June 5, 2004, defendants wilfully intercepted and exhibited the Event. (*Id.* ¶ 15.) Plaintiff alleges in the alternative that defendants assisted in the reception of the Event and then transmitted and published or assisted in transmitting and publishing the Event to patrons within Café Novita Bar. (*Id.* ¶¶ 15, 17) Plaintiff alleges that defendants misappropriation of plaintiff's licensed telecast and infringement upon its exclusive rights for the purpose of financial gain and commercial advantage caused plaintiff substantial damage. (*Id.* ¶¶ 16, 20.) Plaintiff filed this action on June 5, 2007, claiming that defendants' actions in connection with the Event were in violation of the Act. (*Id.* ¶ 23.)

## DISCUSSION

I.  **Legal Standard**

A motion brought under FED. R. CIV. P. 12(b)(6) posits that the plaintiff has failed "to state

a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pleaded facts and consider those facts in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.).  In assessing the legal sufficiency of a claim, the court may consider only the facts alleged in the complaint, and any document attached as an exhibit to the complaint or incorporated in it by reference.  *See* FED. R. CIV. P. 10(c); *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999);  *De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 69 (2d Cir. 1996).

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks and citation omitted).  "The Supreme Court has recently held that [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ello v. Singh*, 531 F. Supp. 2d 552, 562 (S.D.N.Y. 2007) (internal quotation marks omitted; alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)); *see Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d. Cir. 2007) (determining that the Court in *Twombly* "is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") (emphasis in

3

original). Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff complains are insufficient as a matter of law. *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

### II.     Plaintiff Sufficiently States A Claim Against Individual Defendants

Defendants argue that plaintiff has not alleged information sufficient to "pierce the corporate veil" and impose shareholder liability on the individual defendants. (Defs. Mem. Supp. Mot. Dismiss at 5.) Defendants argue that the owner and operator of Café Novita Bar was the corporate entity, NP Junior, and not the individual defendants. (*Id*. at 6-7.) Defendants argue that plaintiff has "come nowhere near to making" the showing necessary under New York law that the corporation is a shell used by the individual shareholders to advance their own personal ends. (*Id*. at 7.)

Plaintiff responds that defendants' argument about piercing the corporate veil does not apply because the individual defendants' liability is based on their own acts in violation of sections 605 and 553. (Hooten Aff'm ¶¶ 15, 18-19.) Plaintiff states that section 605(a) applies to persons who assist in receiving the communication, and applies to corporate officers who have knowledge of an interception even if they do not participate directly. (*Id*. ¶ 14.) Plaintiff argues that in situations such as this involving closely held or small corporations, it is reasonable to infer that the corporate officers have knowledge of the interception. (*Id*.) Plaintiff alleges that defendants, agents or employees of defendants intercepted or assisted in the interception and broadcast of the Event to patrons of Café

Novita Bar. (*Id.* ¶ 13.) Plaintiff also argues that the individual defendants are liable under section 553 because they intercepted and telecast, or assisted in the interception and telecast, of the Event. (*Id.* ¶ 17.) Because plaintiff is not basing the individual defendants' liability on a theory of piercing the corporate veil, we need not address defendants' argument. We simply consider whether plaintiff has adequately stated a plausible claim that the individual defendants were involved in the violation of the Act by participating in or assisting in the unauthorized telecast at Café Novita Bar.[2]

Plaintiff alleges that defendants violated 47 U.S.C. § 553, which states in part that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Subsection (c)(1) creates a civil cause of action for "[a]ny person aggrieved by any violation of subsection (a)(1)." 47 U.S.C. § 553(c)(1). Section 605 regulates radio transmissions, and states in part that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). Subsection (e)(3) creates a right of action for a party injured by a violation of section 605. *See* 47 U.S.C. § 605(e)(3)(A)-(B).

Corporate officers and directors are not generally liable for tortious acts of the corporation unless they participate in or have knowledge of such acts, and nothing in the Act indicates its intention to override this general principle. *See Garden City Boxing Club, Inc. v. Paquita's Café,*

---

[2] Defendants do not dispute that there is an individual cause of action under the Act, rather they argue that the individual cause of action does not apply to the individual defendants here because all the business of Café Novita Bar was conducted by and in the name of the corporation, NP Junior. (Defs. Reply Mem. Supp. Mot. Dismiss at 5.)

*Inc.*, 2007 WL 2783190, at *2 (S.D.N.Y. Sept. 26, 2007); *see also Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994). Thus, for an individual to be liable under the Act, he generally must have authorized the alleged violations. Therefore, plaintiff must show that the individual defendant had a "right and ability to supervise" the violations, and that he had a strong financial interest in such activities. *See Paquita's Cafe*, 2007 WL 2783190, at *2 (citing *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir.1997)).

In addition to the corporate defendant, NP Junior, the Complaint also names Nick and Nicholas Perriello as individual defendants and identifies them as the owners of NP Junior d/b/a Café Novita Bar. Other than to allege in the alternative that defendants assisted in the receipt and transmission of the Event, the Complaint contains no further mention of the individual defendants or any specifics regarding their role in the business or the violation of the Act. However, it is plausible that because the individual defendants are the owners of the bar, they participated or assisted in the alleged violation and had a strong financial interest in the exhibition of the Event, and that is enough to bring a claim against them under the Act and survive a motion to dismiss. *See J & J Sports Prods., Inc. v. Peralta*, 2008 WL 495542, at *6-7 (E.D.N.Y. Feb. 20, 2008) (determining that the motion for default established the requisite control and financial interest for the individual defendant and therefore she was jointly and severally liable with her business for the violations of 47 U.S.C. § 605(a)); *Garden City Boxing Club, Inc. v. La Casa De Santacruz Corp.*, 2007 WL 2667448, at *7 (E.D.N.Y. Sept. 6, 2007) (finding that the individual defendant, based on the undisputed allegation that he owned the corporation, had both a right and ability to supervise the infringing activities and a direct financial interest in the exhibition of the Event, and was therefore jointly and severally liable for damages); *Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, 2007 WL 841804, at *7

(E.D.N.Y. Jan. 16, 2007); *Garden City Boxing Club, Inc. v. Morales*, 2005 WL 2476264, at *10 (E.D.N.Y. Oct. 7, 2005); *but see Garden City Boxing Club, Inc. v. Deblasio*, 2003 WL 22144395, at *3 (S.D.N.Y. Sept. 8, 2003) (finding, in the absence of allegations asserting the individual defendant's ownership or control over the establishment or his personal involvement as a corporate officer or director in the illegal acts of the business, he could not be found individually liable for violating the Cable Act).

It is not plaintiff's burden to allege all the facts as to how, when and in what actions the individuals violated the Act. *See* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). It is enough that plaintiff sufficiently alleged facts supporting an inference that the individual defendants were the owners of Café Novita and were involved or assisted in the unauthorized telecast on June 5, 2004; plaintiff has thereby put the individual defendants on fair notice of a plausible basis for its claim.

## CONCLUSION

For all of the foregoing reasons, the individual defendants' motion to dismiss is denied.

SO ORDERED.

Dated: White Plains, New York
       June 4, 2008

*William C. Conner*
Sr. United States District Judge

7